NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIFFANY M. POTTER,**
*Petitioner*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2021-1460

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-18-0165-M-1.

---

Decided: October 25, 2021

---

A. MARQUES PITRE, Pitre & Associates, LLC, Washington, DC, argued for petitioner.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ALLISON KIDD-MILLER.

---

Before MOORE, *Chief Judge*, BRYSON and PROST, *Circuit Judges*.

PROST, *Circuit Judge*.

This case returns to us following our previous remand to the Merit Systems Protection Board ("Board"). *See Potter v. Dep't of Veterans Affs.* (*Potter I*), 949 F.3d 1376 (Fed. Cir. 2020). For the reasons below, we vacate the Board's decision in part and remand for further proceedings consistent with this opinion.

I

In *Potter I*, Tiffany Potter petitioned this court for review of the Board's December 13, 2018 decision[1] denying corrective action in her claim filed under the Whistleblower Protection Act. The Board determined that Ms. Potter failed to show a prima facie case that her July 10, 2014 email was a contributing factor to her nonselection by the Department of Veterans Affairs ("agency") for Chief Nurse IV in November 2015. *See Potter I*, 949 F.3d at 1379. We vacated that portion of the 2018 decision because it relied on a finding that the parties agreed was erroneous—i.e., that Dr. Deering (who canceled the Chief Nurse IV vacancy in November 2015) did not know of Ms. Potter's July 10, 2014 email. *Id.* at 1379–81. We remanded with instructions to the Board to "consider whether, in view of Dr. Deering's knowledge of Ms. Potter's July 10, 2014 email, Ms. Potter presented evidence sufficient to satisfy the knowledge-timing test [of 5 U.S.C. § 1221(e)(1)], or if Ms. Potter otherwise presented evidence sufficient to demonstrate a prima facie case of whistleblower reprisal," and if so, to "consider whether the [agency] [could] meet its burden of showing that it would have taken the same

---

[1] The December 13, 2018 decision was the administrative judge's ("AJ") initial decision, but it became the Board's final decision. *Potter I*, 949 F.3d at 1379.

November 2015 personnel action regardless of Ms. Potter's protected disclosure." *Id.* at 1380.

On remand, the AJ found that a preponderance of the evidence established that the July 10, 2014 email was a protected disclosure and that it was a contributing factor to Ms. Potter's November 2015 nonselection. J.A. 4–8. The AJ then considered whether the agency demonstrated by clear and convincing evidence that it would have taken the same November 2015 personnel action in the absence of the July 10, 2014 protected disclosure. The AJ's consideration in this regard was guided by the factors articulated in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)—namely, (1) the strength of the agency's evidence in support of its personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. J.A. 8–16 (assessing these three *Carr* factors). The AJ concluded that the first *Carr* factor weighed "heavily" in the agency's favor, that the second *Carr* factor weighed "modestly" in Ms. Potter's favor, and that the third *Carr* factor was neutral. J.A. 12–16. As a result of its *Carr* analysis, the Board found that the agency demonstrated by clear and convincing evidence that it would have taken the same November 2015 personnel action in the absence of the July 10, 2014 protected disclosure. J.A. 16. It therefore denied corrective action.

The AJ's initial decision became the Board's final decision. Ms. Potter timely petitioned this court for review of that decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

When addressing whether the government has shown that it would have taken the same personnel action absent a protected disclosure, "[i]f considerable countervailing

evidence is manifestly ignored or disregarded in finding [the] matter clearly and convincingly proven, the decision must be vacated and remanded for further consideration where all the pertinent evidence is weighed." *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). Ms. Potter argues that in conducting its *Carr* analysis, the Board's decision failed to consider certain evidence that may have detracted from its overall conclusion. We agree.

Ms. Potter observes that Dr. Deering had to testify before Congress about the patient-care crisis at the Phoenix VA Health Care System, whereupon he was asked why he hadn't been fired. Pet'r's Br. 27 (citing J.A. 587–88). She notes that he had received death threats. And she cites his testimony that he was "feeling frustrated because people were going to the [Inspector General]," and that he "just wished they would come to [him] and say here's what it is so we could tackle it together." Pet'r's Br. 27 (quoting J.A. 595). According to Ms. Potter, this and other evidence not addressed in the Board's decision detract from the reasons the agency gave for its November 2015 nonselection and indicate the presence of a retaliatory motive. Pet'r's Br. 13–16, 25–27.

The agency disputes the import of the evidence that Ms. Potter cites. *See, e.g.*, Resp't's Br. 38–48. But the extent to which such evidence affects a *Carr* analysis involves factual questions for the Board—not this court in the first instance. And, as to evidence that the Board's decision failed to evaluate (including that set forth above), we cannot be assured that it was given the consideration and weight appropriate in a *Carr* analysis. *See Whitmore*, 680 F.3d at 1376 ("While we acknowledge that the [Board] may well have considered the countervailing evidence and rejected or discounted it for various reasons, with no basis in [its] opinion to understand [its] logic, we cannot say that [its] analysis is reasonable or complies with the law for how proof by clear and convincing evidence is to be evaluated."). Remand is therefore appropriate. *See id.* at 1368. On

remand, the Board is not limited to considering evidence bearing on Dr. Deering's motives; rather, it should also consider any record evidence suggesting a retaliatory motive on the part of other agency officials and the extent to which such officials influenced Dr. Deering's decision. *See id.* at 1371 ("When a whistleblower makes . . . highly critical accusations of an agency's conduct, an agency official's merely being outside that whistleblower's chain of command, not directly involved in alleged retaliatory actions, . . . is insufficient to remove the possibility of a retaliatory motive or retaliatory influence on the whistleblower's treatment.").

Further, while we recognize that the Board discussed at least some of the abovementioned evidence in its 2018 decision, that discussion was in a different context. There, the Board was evaluating whether Ms. Potter established a prima facie case of whistleblower reprisal. *See, e.g.*, J.A. 917–22. But here, with the Board now having found such a prima facie case established, the question is whether the agency demonstrated by clear and convincing evidence that it would have taken the same November 2015 personnel action regardless of Ms. Potter's July 10, 2014 protected disclosure. *See Potter I*, 949 F.3d at 1380–81 (rejecting the agency's argument that the Board's 2018 factfinding regarding whether Ms. Potter established a prima facie case was sufficient to resolve this "separate question").

### III

Because the Board's decision failed to consider certain evidence that may have detracted from its overall conclusion under a *Carr* analysis, we (1) vacate the portion of its decision concerning whether the agency carried its burden to demonstrate by clear and convincing evidence that it would have taken the same November 2015 personnel action regardless of Ms. Potter's July 10, 2014 protected disclosure and (2) remand for further consideration of this

issue where all the pertinent evidence is weighed. *See Whitmore*, 680 F.3d at 1368. The Board's decision on remand should consider whether, and the extent to which, such evidence bears on any aspect of its *Carr* analysis.

## VACATED-IN-PART AND REMANDED

### Costs

Costs to Petitioner.